**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                                                                  No. CR 07-282  JB

MARGARET LINNELL
d/b/a Palomas Tax and Accounting,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the United States' Motion for Hearing for Determination of Counsel or Election to Proceed Pro Se, filed May 31, 2007 (Doc. 35). The primary issue is whether the Court should set a hearing to require Defendant Margaret Linnell to determine whether she will be represented by counsel or will elect to proceed pro se. Because it is important that Linnell make this decision as timely as possible, because the decision must be made in as intelligent and informed manner as possible, and because Linnell has not filed a written opposition to the United States' motion, the Court will grant the motion and set the requested hearing for September 7, 2007.

**PROCEDURAL BACKGROUND**

The indictment was filed on February 16, 2007. See Indictment and Redacted Indictment, filed February 16, 2007 (Docs. 1, 2). Linnell is charged in an indictment with violating 28 U.S.C. §§ 7206(2) and 7212(a), and 18 U.S.C. § 2(a). Id. Linnell is currently without counsel, but has indicated a desire to hire an attorney.

Linnell's initial appearance and arraignment were scheduled for March 22, 2007 before the

Honorable Lorenzo F. Garcia, Chief United States Magistrate Judge. See Alias Summons, filed February 28, 2007 (Doc. 4). On March 21, 2007, Linnell filed a motion seeking a sixty-day continuance for the purpose of obtaining counsel. See Doc. 7. Judge Garcia denied that motion. See Order, filed March 22, 2007 (Doc. 8).

Linnell appeared in Court, without counsel, on March 22, 2007. Linnell's arraignment was continued until April 12, 2007. See Clerk's Minutes, filed March 22, 2007 (Doc. 9). On April 12, 2007, Linnell appeared in Court with retained counsel. See Clerk's Minutes, filed April 12, 2007 (Doc. 12). Her arraignment, however, was continued until April 26, 2007. Id.

The April 26, 2007 setting was continued until May 29, 2007, based on Linnell's report of a family emergency. See Defendant's Unopposed Motion to Continue, filed April 24, 2007 (Doc. 14). The Honorable Richard L. Puglisi, United States Magistrate Judge, then granted her retained counsel leave to withdraw. See Order filed May 25, 2007 (Doc. 31). On May 29, 2007, Linnell once again appeared in Court without counsel. See Clerk's Minutes, filed May 29, 2007 (Doc. 33). Linnell was arraigned and indicated to Judge Puglisi, that she intended to hire a lawyer. Id.

As of the date that the United States filed this motion, no one had entered his or her appearance on Linnell's behalf. The United States did not seek her position on this motion. The United States moves for a hearing at which the Court can determine whether Defendant Margaret Linnell is electing to proceed pro se.

## **LAW REGARDING ELECTION TO PROCEED PRO SE**

The United States Supreme Court has "defined the scope of the right to counsel by a pragmatic assessment of the usefulness of counsel to the accused at the particular proceeding, and the dangers to the accused of proceeding without counsel." Patterson v. Illinois, 487 U.S. 285, 286 (1988). "To ensure that the defendant's waiver of counsel is knowing and intelligent, the trial judge

should 'conduct a thorough and comprehensive formal inquiry of the defendant on the record to demonstrate that the defendant is aware of the nature of the charges, the range of allowable punishments and possible defenses, and is fully informed of the risks of proceeding pro se." United States v. Mackovich, 209 F.3d 1227, 1236 ( 10th Cir. 2000) (quoting United States v. Willie, 941 F.2d 1384, 1388 (10th Cir. 1991)). If a defendant is made aware of these basic facts, then waiver of the right to counsel is knowing.  See Braun v. Ward, 190 F.3d 1181, 1186-87 (10th Cir. 1999) (quoting Patterson v. Illinois, 487 U.S. at 298). However, a defendant's right to obtain counsel of her choice "must be balanced against the need for efficient and effective administration of criminal justice." United States v. D'Armond, 65 F.Supp.2d 1189, 1195 (D.Kan. 1999) (citation and internal quotation omitted).

## ANALYSIS

The United States requests that the Court set a hearing to determine whether Linnell is electing to proceed pro se.  Under the Court's local rules, a response must be served within fourteen days after service of the motion.  See D.N.M. LR-Cr. 47.8(a).  Linnell has not filed a written opposition, so the Court assumes that she has no opposition to this motion or consents to the Court granting it.  Nevertheless, because Linnell may be proceeding pro se, the Court has carefully reviewed the merits of the motion before granting it.

Linnell is currently without counsel.  Should Linnell wish to exercise her right to proceed pro se, she must do so clearly and unequivocally, and in a timely fashion.  See United States v. Mackovich, 209 F.3d at 1236.  She must also "knowingly and intelligently relinquish the benefits of representation by counsel." Id. at 1236 (citation and internal quotation omitted).  Accordingly, the hearing requested by the United States is appropriate.

**IT IS ORDERED** that the United States' Motion for Hearing for Determination of Counsel

or Election to Proceed Pro Se is granted. The Court has set a hearing for the Defendant to make this determination or election for September 7, 2007.

_____
UNITED STATES DISTRICT JUDGE

Counsel and parties:

Larry Gomez
  Acting United States Attorney
Dean Tuckman
  Assistant United States Attorney
Albuquerque, New Mexico

      Attorneys for the Plaintiff

Margaret Linnell
Rio Rancho, New Mexico

      Defendant

Richard A. Winterbottom
  Assistant Federal Public Defender
Albuquerque, New Mexico

      Potential Counsel for the Defendant