**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA**,

      Plaintiff,

  vs.                                                No. CR. 07-282 MCA

**MARGARET LINNELL**
**d/b/a/ Palomas Tax and Accounting,**

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court *sua sponte* for the sole purpose of clarifying the role of Richard Winterbottom and the Office of the Federal Public Defender, District of New Mexico, in this matter. Clarification of Mr. Winterbottom's role as Defendant's attorney is necessary not only because the record of prior proceedings addressing this issue is unclear, but also because Mr. Winterbottom has requested such clarification from this Court, as evidenced in his letter to the Court, filed under seal herein.[1] [See Doc. 160]. For the reasons that follow, the Court determines that Mr. Winterbottom represents Defendant Margaret Linnell in accordance with the *Order of Appointment* entered August 10, 2007, [see Doc. 68], without any limitation or restriction.

**I. BACKGROUND**

---

[1] Direct correspondence of this type from counsel is improper and not a practice that is encouraged. Counsel is reminded that all matters relating to practice and procedure are to be raised by appropriate motion or as otherwise are in accordance with the applicable rules of procedure.

The Court recites the following limited factual history of this case so as to place the pending matter in context.

On February 16, 2007, the Grand Jury returned an Indictment charging Defendant Margaret Linnell, d/b/a/ Palomas Tax and Accounting, with having violated 26 U.S.C. § 7206(2) and 18 U.S.C. § 2(a) by

> knowingly and willfully aid[ing] and assist[ing] in, and procur[ing], counsel[ing], and advis[ing] the preparation and presentation under, and in connection with any matter arising under, the internal revenue laws of documents entitled "**Notice** of Affidavit Statement in Rebuttal to Internal Revenue Code Section 6011" for the [years set forth in the Indictment] (hereinafter, "Affidavit"), for the individual taxpayers listed [in the Indictment], each of whose identity [was] known to the Grand Jury, each of which [was] false and fraudulent as to at least one material matter, including that the Affidavit reported the individual's tax liability was zero, and that the individual received no income, and that the individual was exempt from filing any forms with the IRS, when in truth and in fact, as the defendant knew, the individual's tax liability was not zero, and the individual had received income, and the individual was not exempt from filing forms with the IRS.

[Doc. 2 at 1].  The Indictment then lists the initials of 19 taxpayers, the tax years in question, and the approximate dates of the alleged offenses.  In Count 20, Defendant is charged with having "corruptly endeavor[ed] to obstruct and impede the due administration of the internal revenue laws by marketing and selling to M.H., an individual whose identity [was] known to the [G]rand [J]ury, an illegitimate tax avoidance program[ i]n violation of 26 U.S.C. § 7212(a) and 18 U.S.C. § 2(a)." [Doc. 1 at 2-3].

By *Order* of Magistrate Judge Richard L. Puglisi dated May 25, 2007, Defendant's

2

prior retained counsel, Christopher A. Palumbo, was permitted to withdraw as her counsel. [Doc. 32].

By *Order* entered August 10, 2007, United States District Judge James Browning,[2] appointed Richard Winterbottom, of the Federal Public Defender, District of New Mexico, to represent Defendant in this cause, *nunc pro tunc* to July 24, 2007.

On September 7, 2007 and February 5, 2008, Judge Browning held hearings at which he sought to determine whether or not Defendant intended to waive her right to counsel and proceed *pro se* in this case. Judge Browning attempted to ascertain what roles, if any, Defendant envisioned for herself and Mr. Winterbottom.

The determination that Judge Browning was attempting to make was crucial because Defendant views herself, philosophically and/or legally, as separate entities, or dual or split or divided personas. She chooses to divide her "persona" into two parts: a "personal side" and a "corporate side." Defendant variously calls herself a "vessel," an "intervenor," and a "creditor." She has signed pleadings as "Authorized Representative Affiant and Co-Holder In Private Capacity and Co-Holder for the entity known as Margaret E. Linnell." She purports to have given Mr. Winterbottom limited power of attorney for the "intervenors" (of which she claims to be one) to protect her "secured interest in Margaret Linnell."[3] She

---

[2] On February 20, 2008, Judge Browning recused and this case was subsequently reassigned to me by *Minute Order* entered March 7, 2008. [See Docs. 129, 139].

[3] Defendant claims that one "Vic-Peter" (Victor-Peter Peery) has intervened in this case and by some means can advocate on her behalf or for himself. By separate *Order* entered today, the motion to permit "Vic-Peter" as Intervenor in this case is denied.

refuses to be addressed by her name, Margaret Linnell, and she denies that she is a defendant or the Defendant in this case.

As previously stated, Mr. Winterbottom was appointed to represent Defendant in this matter by *Order* entered August 10, 2007. [Doc. 68].  As will be evidenced by the transcript excerpts quoted below, Judge Browning, Mr. Winterbottom, and Defendant engaged in extensive discussions as to (1) Defendant's belief that she exists as a dual political or corporate and personal entity, or as some other type of divided persona; and (2) whether Mr. Winterbottom's representation should be of Defendant's "corporate," but not "personal," self.[4]

For example, at the hearing held on February 5, 2008, Defendant advised Judge Browning that while Mr. Winterbottom represents her in her "corporate" capacity, she represents herself (or appears *pro se*) in her "personal" capacity. [See Doc. 143, Transcript of Feb. 5, 2008 at 2].  This attempt at two-tiered representation stems from Defendant's apparent belief that she is both a political or corporate entity and a human entity, and that while she is "the creditor . . . [she is] not the defendant." [Id. at 19].  Defendant explained her choice to have simultaneous "corporate" representation and *pro se* personal representation:

> THE COURT: Okay. And let me make sure I understand. Are you saying that you wish Mr. Winterbottom to represent you for -- in your corporate capacity; that's all right with you?

---

[4] The Federal Public Defender Organization cannot represent a corporation or business. See 18 U.S.C. § 3006A (providing for the representation of "any person" financially unable to obtain adequate representation).  However, it is abundantly clear from Defendant's comments that that aspect of her "persona" that she believes to be her "corporate" side stems not from the perspective of a business but rather from her views as to her role in society as a citizen.

> THE DEFENDANT: Mr. Winterbottom has unlimited power of attorney to represent the corporate entity from the intervenors, Vic-Peter and myself.
>
> THE COURT: And what are you going to do about the rest of yourself? Do you wish to obtain an attorney for the rest of your entity or your personal self?
>
> THE DEFENDANT: No, sir.

[Id. at 5]. Defendant returned several times during the hearing to the concept of herself as a corporate entity or creditor, but *not* a defendant.[5] The following colloquy between Judge Browning and Defendant occurred later during the hearing:

> THE COURT: All right. After . . . conversing in this proceeding, I find that the defendant has not knowingly and voluntarily waived the right to counsel for her personal self in this matter; for her corporate self, she's allowing Mr. Winterbottom to continue to represent the corporate self. I'm going to permit her to represent herself on her personal side.
>
> I would like to have Mr. Winterbottom, if you're willing, to also function as standby counsel to Ms. Ethel for the portion of her that she's going to continue to try to represent herself on her personal side.
>
> Are you willing to represent her in her corporate capacity and then also represent -- function as standby counsel to assist the defendant or replace the defendant if the Court determines during trial that the defendant can no longer be permitted to proceed pro se?
>
> MR. WINTERBOTTOM: Judge, personally, I'm willing to do

---

[5] [See Doc. 143 at 12 ("Your Honor, you seem to be confused in addressing me. For simplification and justice, I would appreciate it if you would just address me as the creditor . . . I am the creditor. There is a creditor document on file. I have a contract."); id. at 17 ("Your Honor, I object. You're inferring that I am the defendant. The defendant has not been identified. I just don't understand."); id. at 19 ("I am the creditor, Your Honor. I am not the defendant.").

> that and I don't see any problem with our office. I will check with Mr. McCue. I've not been in this situation since I've been assistant federal defender. Assuming that our office undertakes those duties, I don't have any problem.
>
> THE COURT: All right. And, Ms. Ethel, is it agreeable to you that Mr. Winterbottom continue to represent you on your corporate side, however much you'll let him represent you, I'll allow you to proceed pro se in your individual personal capacity, Mr. Winterbottom will be a standby counsel? He won't represent you, but if at any point during the proceedings you would like for him to take over that portion, he can. He can also assist you, you can ask him questions if you would like, and if at some point you can't proceed pro se or you decide you don't want to proceed pro se, you have Mr. Winterbottom that can take over? But at the present time you can proceed pro se on your personal side in this case.
>
> Is that arrangement, acceptable to you?
>
> THE DEFENDANT: No, Your Honor. I don't accept the title of pro se.
>
> THE COURT: All right. Your personal capacity, then.
>
> THE DEFENDANT: My human person, my human side.
>
> THE COURT: The portion of you that you're not agreeing to be represented by counsel.
>
> THE DEFENDANT: Mr. Winterbottom has the power of attorney from the intervenors to represent their secured interests in Margaret Linnell.

[Id. at 27-28].

Defendant's desire to fractionalize herself and to proceed both through counsel (on the "corporate" or "political" side) and *pro se* (on the "personal" or "human" side) also appears to stem from her belief that it is only the political entity that has been charged in the

6

Indictment and, thus, only the political entity that requires representation by counsel. She denies that this is she. Mr. Winterbottom explained Defendant's position at the earlier hearing held before Judge Browning on September 7, 2007:

> As I understand Ms. Linnell's position, [it] is essentially premised on a concept of bifurcation. Ms. Linnell believes in both a political and a religious matter that she is essentially two corpi. She is a political entity on the one hand and a human being on the other hand. The political entity constitutes her being as a citizen, as a participant of the state. It's evidenced by certain documents, such as a Social Security card, a driver's license, a voting certificate, and a birth certificate.
> . . .
> The second corpus is that of a human being. That means that she has private thoughts, she has loves, she has desires, she has emotions, all the things that distinguish us from a political animal or from lower-level primates. That's not a radical proposition. Bifurcation is acknowledged all the time in our society and in our courts. Our political structure is divided into the secular and the spiritual, our individual selves are divided into our conscious being and our unconscious being. The act of committing a crime is divided into actus reus and mens rea. The Christian religion holds that the body can be separated from the spirit, and Zen Buddhism suggests that that separation can occur in this world, during this lifetime. In fact, Your Honor, the criminal law in some respects is based on a Lockean social contract, that is when we choose to live in a society we make a bargain with society and that bargain is that we will abide by its laws and reap its benefits. And if we violate that contract we allow society to take its measure of punishment or reparation from us. But in Ms. Linnell's thought, the social contract is only as to her political being. She says, "Well, it's fine, I'll engage in a social contract with the Government and I will understand that if I violate that social contract the Government can take certain actions against my political being, my political entity, because that's what I contract with, with the Federal Government and with society. But my human self, my privacy, my thoughts, my emotions are not part of that contract."

[Transcript of September 7, 2007 hearing].

I find and determine that despite Defendant's plea that this Court recognize dual or divided aspects of her "persona," the Court will not do so.[6] There is but one Defendant in this case: Margaret Linnell. Thus, any and all prior rulings to the contrary (*i.e.*, those rulings recognizing both a "personal" and a "corporate" or "political" side of Defendant) are hereby rescinded. See, e.g., Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990) (to the extent that Defendant argues that at least part of her is not a "person," the Tenth Circuit, in the tax-protester case of Lonsdale, called such arguments "completely lacking in legal merit and patently frivolous.").

**Waiver of Right to Counsel**

I have carefully reviewed the transcripts of the referenced hearings and conclude that it is not clear that Defendant—despite repeatedly stating that she did not want to be "forced with an attorney"—knowingly and intelligently waived her right to counsel. See United States v. Turner, 287 F.3d 980, 982-983 (10th Cir. 2002). This is because, when asked if she wanted the Court to appoint an attorney for her, Defendant responded that she did not, although she also stated that she did "not wish to waive any of [her] rights." Defendant repeated this seemingly contradictory statement throughout the hearing.[7] After speaking with

---

[6] Defendant presents no credible authority from the Tenth Circuit or elsewhere for her request.

[7] Defendant also told Judge Browning that she understood neither the charges against her nor the potential penalties upon conviction. At other times, she refused even to confirm or deny her understanding of what was being asked of her on the ground that "the defendant ha[d] not been identified."

Defendant, Judge Browning made the following finding:

> All right.  After . . . conversing in this proceeding, *I find that the defendant has not knowingly and voluntarily waived the right to counsel for her personal self in this matter*; for her corporate self, she's allowing Mr. Winterbottom to continue to represent the corporate self.  *I'm going to permit her to represent herself on her personal side*.
>
> I would like to have Mr. Winterbottom, if you're willing, to also function as standby counsel to Ms. Ethel for the portion of her that she's going to continue to try to represent herself on her personal side.

[Transc. of Feb. 5, 2008 hearing (emphasis added)].  When asked to clarify whether her decision to represent herself was voluntary, Defendant responded that "[y]ou can't be voluntary and be under threat, duress and coercion[,]" apparently in reference to her belief that this entire criminal proceeding is coercive.  Given the ambiguity and confusion surrounding the February 5, 2008 hearing (which confusion, in the view of this Court, was encouraged by Defendant), I find that Defendant did not knowingly and intelligently waive her right to counsel. For that reason,  Mr. Winterbottom will serve as appointed counsel for her, without limitation or restriction.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Richard Winterbottom serve as appointed counsel for the Defendant, Margaret Linnell, without limitation or restriction, pursuant to the *Order of Appointment* entered August 10, 2007;

**IT IS FURTHER ORDERED** that, for purposes of the prosecution of this matter, this Court recognizes Defendant as a single entity— the criminal defendant Margaret Linnell

9

who has been named in the Indictment;

**IT IS FURTHER ORDERED** that the Court does not and will not recognize Defendant's claimed "corporate" side;

**IT IS FURTHER ORDERED** that Defendant Margaret Linnell shall refrain from all future filings in this case, of any kind and by any means, so long as Mr. Winterbottom remains her appointed counsel without limitation or restriction from this Court;

**IT IS FURTHER ORDERED** that any future filings made by or on behalf of Defendant by anyone other than Mr. Winterbottom or the Federal Public Defender, District of New Mexico, will be prohibited and stricken from the record in this case;

**IT IS FURTHER ORDERED** that the Court finds and concludes that Defendant Margaret Linnell has not heretofore knowingly and voluntarily waived her right to counsel;

**IT IS FURTHER ORDERED** that should Defendant express a desire to represent herself in this case (that is, to appear *pro se* in this case) then such request shall be made in writing, by Mr. Winterbottom, in accordance with applicable rules of practice and procedure, and the Court will convene such proceedings as are necessary to consider the request.

**SO ORDERED** this 17th day of April, 2008, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge