# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

       Plaintiff,

    vs.                          No. CR. 07-282 MCA

**MARGARET LINNELL**
**d/b/a/ Palomas Tax and Accounting,**

       Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the following motions, all of which were filed by Defendant Margaret Linnell or on her behalf:

1. *Motion to Disqualify Magistrate* [Doc. 19], filed May 18, 2007;

2. *Motion for Bill of Particulars and More Definite Statement* [Doc. 22], filed May 21, 2007;

3. *Motion for Evaluation and Hearing on U.S. Attorneys' Competency* [Doc. 44], filed June 25, 2007;

4. *Intervenors' Motion to Dismiss* [Doc. 45], filed June 25, 2007;

5. *Intervenors' Motion to Disqualify United States District Judge* [Doc. 49], filed June 26, 2007;

6. *Intervenors' Motion for Bill of Particulars and More Definite Statement* [Doc. 54], filed July 3, 2007;

7.   *Intervenors' Motion to Dismiss Due to Mistrial* [Doc. 69], filed August 17, 2007;

8.   *Intervenor's Motion for Continuance* [Doc. 74], filed August 24, 2007;

9.   *Intervenors Motion for the Dismissal of the Instant Cause for Failure to Provide a Bill of Particulars or a More Definite Statement* [Doc. 109], filed February 5, 2008;

10.   *Intervenors Motion for the Dismissal of the Instant Cause for Failure to Identify the Real Parties of Interest* [Doc. 111], filed February 5, 2008;

11.   *Intervenors Motion for the Dismissal of the Instant Cause Because of Mistaken Identity* [Doc. 113], filed February 5, 2008;

12.   *Intervenors Motion for the Dismissal of the Instant Cause for Failure to Provide Law to Support Alleged Allegations* [Doc. 115], filed February 5, 2008;

13.   *Intervenors Motion for the Dismissal of the Instant Cause for Lack of Authority and Capacity of United States District Court Judge* [Doc. 117], filed February 5, 2008;

14.   *Intervenors Motion for the Dismissal of the Instant Cause for Lack of Authority and Capacity of Magistrate Judge* [Doc. 119], filed February 5, 2008;

15.   *Opposed Motion to Continue Motion Hearing Date and Set Motions Schedule* [Doc. 130], filed February 21, 2008;

16.   *Creditor's Motion to Dismiss for failure to State a Claim, on Personam Jurisdiction* [Doc. 133], filed February 22, 2008; and

17.   *Notice to the Judge* [Doc. 144], filed March 13, 2008.

Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court concludes that these motions are not well-taken; these motions will therefore be denied for the reasons set forth below.

1.    ***Motion to Disqualify Magistrate*** [Doc. 19];

2.    ***Intervenors' Motion to Dismiss*** [Doc. 45];

3.    ***Intervenors' Motion to Disqualify United States District Judge*** [Doc. 49];

4.    ***Intervenors' Motion to Dismiss Due to Mistrial*** [Doc. 69];

5.    ***Intervenors Motion for the Dismissal of the Instant Cause for Lack of Authority and Capacity of United States District Judge*** [Doc. 117]; and

6.    ***Intervenors Motion for the Dismissal of the Instant Cause for Lack of Authority and Capacity of Magistrate Judge*** [Doc. 119]

In each of these motions, Defendant seeks relief on the ground that there is no evidence in the record of the oath of office taken by either Judge Browning or Magistrate Judge Richard L. Puglisi.[1]  The motions are denied on the ground that a federal judge is not obligated to furnish proof that he has taken the oath of office.  See United States v. Conces, 507 F.3d 1028, 1041 (6th Cir. 2007) (explaining that, while federal judges have a statutory obligation to take an oath before performing the duties of their office, no authority, statutory or otherwise, requires a judge to "demonstrate to the satisfaction of a litigant in a particular

---

[1]  Defendant was arraigned by Judge Puglisi, who also entered a number or orders in this matter. [See Docs. 31-34, 67].

case that he or she has taken this oath."); <u>see also</u> 28 U.S.C. § 631(g) ("Each individual appointed as a magistrate judge under this section shall take the oath or affirmation prescribed by section 453 of this title before performing the duties of his office"). Accordingly, I deny the motions docketed as entries 19, 45, 49, 69, 117, and 119.

> **7.      *Motion for Bill of Particulars and More Definite Statement* [Doc. 22];**
>
> **8.      *Intervenors' Motion for Bill of Particulars and More Definite Statement* [Doc. 54]; and**
>
> **9.      *Intervenors Motion for the Dismissal of the Instant Cause for Failure to Provide a Bill of Particulars or More Definite Statement* [Doc. 109]**

Rule 7 of the Federal Rules of Criminal Procedure provides, in pertinent part, that

> [t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed.R.Crim.P. 7(f).

"'The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense.'" <u>United States v. Ivy</u>, 83 F.3d 1266, 1281 (10th Cir. 1996) (*quoting* <u>United States v. Levine</u>, 983 F.2d 165, 166-67 (10th Cir.1992)). A bill of particulars, however, is not necessary if the Indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges such that he is able to prepare for trial. <u>Ivy</u>, 983 F.3d at 1281. Moreover, the "defendant is not entitled to notice of all of the *evidence* the government intends to produce, but only the

*theory* of the government's case." Id. (emphasis in original).

I have carefully reviewed Defendant's motions and find them to be confusing, cumulative, somewhat unintelligible, and largely irrelevant.  Defendant's motions are fraught with lists of requested documents, information, and data that appear to bear more on the evidence the Government may introduce than on any alleged defects in the Indictment that might entitle Defendant to a bill of particulars.

I have also carefully reviewed both the Indictment and 26 U.S.C. §§ 7206 and 7212, the offenses with which Defendant has been charged.  Having done so, I conclude that Defendant has not demonstrated an entitlement to a bill of particulars, because the Indictment appears to set forth the elements of the offenses charged and sufficiently apprises Defendant of the charges.  Accordingly, I deny the motions docketed as entries 22, 54, and 109; however, nothing in this ruling is intended to prevent Defendant, through counsel, from raising challenges to the legality of the Indictment upon proper legal grounds and with support in proper legal authority.

10. ***Motion for Evaluation and Hearing on U.S. Attorneys' Competency*** [Doc. 44];

11. ***Intervenors Motion for the Dismissal of the Instant Cause for Failure to Identify the Real Parties of Interest*** [Doc. 111];

12. ***Intervenors Motion for the Dismissal of the Instant Cause Because of Mistaken Identity*** [Doc. 113];

13. ***Intervenors Motion for the Dismissal of the Instant Cause for Failure to Provide Law to Support Alleged Allegations*** [Doc. 115];

14.   ***Creditor's Motion to Dismiss for Failure to State a Claim, on Personam Jurisdiction*** [Doc. 133]; and

15.   ***Notice to the Judge*** [Doc. 144]

Even though *pro se* pleadings are to be interpreted more liberally than those drafted by attorneys, *see* Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the Tenth Circuit "has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (*quoting* Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992)).  The United States District Court for the District of New Mexico has promulgated Local Criminal Rules that apply to all criminal proceedings within the District.

Pursuant to the Local Criminal Rules of this Court,  "[a] motion . . . must cite authority in support."  D.N.M.LR-Cr. 47.7.  However, the motions docketed as entries 44, 111, 113, 115, 133, and 144 fail to cite authority in support of the relief requested.  For that reason, I deny the motions docketed as entries 44, 111, 113, 115, 133, and 144.

16.   ***Intervenor's Motion for Continuance*** [Doc. 74] and

17.   ***Opposed Motion to Continue Motion Hearing Date and Set Motions Schedule*** [Doc. 130]

Finally, I note that Defendant's *Intervenor's Motion for Continuance* [Doc. 74] and *Opposed Motion to Continue Motion Hearing Date and Set Motions Schedule* [Doc. 130] have been mooted by the passage of time; these motions will therefore be denied.

**IT IS, THEREFORE, ORDERED** that the following motions are **DENIED**:

1.  *Motion to Disqualify Magistrate* [Doc. 19];

2.  *Motion for Bill of Particulars and More Definite Statement* [Doc. 22];

3.  *Motion for Evaluation and Hearing on U.S. Attorneys' Competency* [Doc. 44],;

4.  *Intervenors' Motion to Dismiss* [Doc. 45];

5.  *Intervenors' Motion to Disqualify United States District Judge* [Doc. 49];

6.  *Intervenors' Motion for Bill of Particulars and More Definite Statement* [Doc. 54];

7.  *Intervenors' Motion to Dismiss Due to Mistrial* [Doc. 69];

8.  *Intervenor's Motion for Continuance* [Doc. 74];

9.  *Intervenors Motion for the Dismissal of the Instant Cause for Failure to Provide a Bill of Particulars or a More Definite Statement* [Doc. 109];

10. *Intervenors Motion for the Dismissal of the Instant Cause for Failure to Identify the Real Parties of Interest* [Doc. 111];

11. *Intervenors Motion for the Dismissal of the Instant Cause Because of Mistaken Identity* [Doc. 113];

12. *Intervenors Motion for the Dismissal of the Instant Cause for Failure to Provide Law to Support Alleged Allegations* [Doc. 115];

13. *Intervenors Motion for the Dismissal of the Instant Cause for Lack of Authority and Capacity of United States District Court Judge* [Doc. 117];

14. *Intervenors Motion for the Dismissal of the Instant Cause for Lack of Authority and Capacity of Magistrate Judge* [Doc. 119];

15. *Opposed Motion to Continue Motion Hearing Date and Set Motions Schedule* [Doc.

130];

16.    *Creditor's Motion to Dismiss for failure to State a Claim, on Personam Jurisdiction* [Doc. 133]; and

17.    *Notice to the Judge* [Doc. 144];

**SO ORDERED** this 17th day of April, 2008, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge

8