IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

      Plaintiff,

  vs.    No. CR. 07-282

**MARGARET LINNELL**
**d/b/a/ Palomas Tax and Accounting,**

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Margaret Linnell's *Motion for Third Party Intervention* [Doc. 23], filed May 21, 2007, and purported intervenor Victor-Peter Peery's *Motion for Third Party Intervention* [Doc. 29], also filed May 21, 2007. The Court has considered the *Motion for Third Party Intervention* [Doc. 23] and the *Motion for Third Party Intervention* [Doc. 29], the parties' submissions, the relevant law, and is otherwise being fully advised in the premises. The motions are denied for the reasons set forth below.

In support of the motions, movants cite the Federal Rules of Civil Procedure, specifically Rule 24(a). Movants' reliance on the Federal Rules of Civil Procedure is misplaced.

Rule 24(a) of the Federal Rules of Civil Procedure provides that

> [o]n timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed.R.Civ.P. 24(a).

Rule 24, however, is a *civil* rule that has no counterpart in the Federal Rules of Criminal Procedure. See Harrelson v. United States, 967 F.Supp. 909, 911-912 (W.D.Tex. 1997) ("No rule of federal criminal procedure allows intervention by third parties in criminal proceedings."); see also United States v. Sullivan, 6 Fed.Appx. 723, 724 (10th Cir. 2001) (unpublished) (affirming district court's denial of trustee's motion to intervene in taxpayer's criminal case). Because third-party intervention is foreclosed by Harrelson and Sullivan, the *Motion for Third Party Intervention* [Doc. 23], which was filed by purported intervenor Victor-Peter Peery will be denied. I note, however, that Mr. Peter's name appears in the docket's caption as Intervenor, and that pleadings bearing his signature continue to be docketed. Accordingly, the Clerk of the Court will be instructed (1) to strike from the record any and all pleadings bearing Victor-Peter Peery's signature, and (2) not to accept any more pleadings bearing Mr. Peter's signature.

I also deny Defendant's *Motion for Third Party Intervention* [Doc. 29] on grounds that (1) Rule 24 has no application in a criminal case, and (2) Defendant has not shown, nor has the Court's independent research revealed, any authority for the proposition that an individual may intervene in a case in which she has been named as the criminal defendant.

**IT IS, THEREFORE, ORDERED** that the *Motion for Third Party Intervention* [Doc. 23] is **DENIED**;

**IT IS FURTHER ORDERED** that the *Motion for Third Party Intervention* [Doc. 29] is **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of the Court be and hereby is **DIRECTED** to reject any and all future filings made on behalf of or under the name "Victor-Peter: Intervenor and Co-Secured Party for the entity known as Margaret Linnell," or "Victor-Peter Peery," or any likeness thereof;

**IT IS FURTHER ORDERED** that the Court will not entertain any request that the matters addressed in this Order be reconsidered.

**SO ORDERED** this 17th day of April, 2008, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge