IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                    No. 07cr282 MCA

MARGARET LINNELL
d/b/a/ Palomas Tax and Accounting,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Defendant's Motion in Limine to Exclude a Portion of the Proposed Testimony of Government Expert Witness, Lee O'Rear* [Doc. 176], filed June 23, 2008, and the *United States' Motion in Limine to Exclude Non-Relevant Evidence* [Doc. 180], filed July 28, 2008. The Court held a hearing on the motions at the August 7, 2008 Call of the Calendar in this matter. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants in part and denies in part Defendant's motion and grants the Government's motion.

## I. BACKGROUND

On February 16, 2007, the Grand Jury returned an Indictment charging Defendant Margaret Linnell, d/b/a/ Palomas Tax and Accounting, with having violated 26 U.S.C. § 7206(2) and 18 U.S.C. § 2(a) by

> knowingly and willfully aid[ing] and assist[ing] in, and
> procur[ing], counsel[ing], and advis[ing] the preparation and

> presentation under, and in connection with any matter arising under, the internal revenue laws of documents entitled "**Notice** of Affidavit Statement in Rebuttal to Internal Revenue Code Section 6011" for the [years set forth in the Indictment] (hereinafter, "Affidavit"), for the individual taxpayers listed [in the Indictment], each of whose identity [was] known to the Grand Jury, each of which [was] false and fraudulent as to at least one material matter, including that the Affidavit reported the individual's tax liability was zero, and that the individual received no income, and that the individual was exempt from filing any forms with the IRS, when in truth and in fact, as the defendant knew, the individual's tax liability was not zero, and the individual had received income, and the individual was not exempt from filing forms with the IRS.

[Doc. 2 at 1]. The Indictment then lists the initials of 19 taxpayers, the tax years in question, and the approximate dates of the alleged offenses. In Count 20, Defendant is charged with having "corruptly endeavor[ed] to obstruct and impede the due administration of the internal revenue laws by marketing and selling to M.H., an individual whose identity [was] known to the [G]rand [J]ury, an illegitimate tax avoidance program[ i]n violation of 26 U.S.C. § 7212(a) and 18 U.S.C. § 2(a)." [Doc. 1 at 2-3]

## II. ANALYSIS

### A. *Defendant's Motion in Limine to Exclude a Portion of the Proposed Testimony of Government Expert Witness, Lee O'Rear* **[Doc. 176]**

In her motion, Defendant seeks to preclude proposed Government expert witness, Internal Revenue Agent Lee O'Rear, from testifying as follows: "*Finally, I will be able to testify, in my regards as a Revenue Agent, what effects the filing of frivolous statements cause.*" Defendant contends that this testimony, as well as testimony that the "Notices of Affidavit" she is alleged to have assisted in filing were referred to a frivolous-filing center,

are irrelevant and unfairly prejudicial. [Doc. 176 at 1-2].  The government responds, in pertinent part, that the frivolous nature of the "Notices of Affidavit" is relevant to proving Defendant's intent.

Rule 401 of the Federal Rules of Evidence defines relevant evidence as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.  However, even relevant evidence may be excluded under Rule 403 if "its probative value is *substantially* outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed.R.Evid. 403 (emphasis added).

The Court concludes that the probative value of Agent O'Rear's *personal* conclusion that the documents at issue are frivolous is substantially outweighed by the danger of unfair prejudice to Defendant.  However, the Court will allow Agent O'Rear to testify that the **IRS considers** documents of the type charged here to be frivolous, as well as to the steps the IRS takes to address and deal with such documents once it receives them.  Further, in discussing the steps the IRS takes to deal with documents it considers to be frivolous, Agent O'Rear shall not refer to the center to which they were sent as a "frivolous-filing center."[1] Accordingly, this motion will be granted in part and denied in part.

---

[1] During the Call of the Calendar, it was suggested that the Government refer to the center to which filings are sent as a service center for out-of-the ordinary filings.  The Government and its witness may refer to the center in this or a similar manner, so long as the Government does not refer to it as the "frivolous-filing center."

3

### B. *United States' Motion in Limine to Exclude Non-Relevant Evidence* [Doc. 180]

In this motion, the Government seeks to preclude Defendant from mentioning or putting forth in any manner, in the presence of the jury pool or the jury, any views that she may have that the tax laws are unconstitutional. The Government's motion is based on a sentence included in a letter that Defendant wrote to her attorney, Richard Winterbottom, in which she stated that Mr. Winterbottom had "restricted one of the most important elements of the Defense, which is the constitutional bar on the government to impair the obligations of the many private contracts underlying the acts, and actions, which are the subject of this case." [Doc. 192; Exh. 1, July 3, 2008 letter from M. Linnell].

For the reasons set forth on the record at the Call of the Calendar, the Court will grant this motion because it appears moot, based upon the proffers made by defense counsel at the Call of the Calendar.

As always, the pretrial evidentiary rulings set forth herein are subject to reconsideration in the event that unforeseen circumstances or a change in context should arise during the trial.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion in limine will be granted in part and denied in part. The Government's motion in limine will be granted.

**IT IS, THEREFORE, ORDERED** that *Defendant's Motion in Limine to Exclude a Portion of the Proposed Testimony of Government Expert Witness, Lee O'Rear* [Doc. 176] is **GRANTED IN PART and DENIED IN PART**;

**IT IS FURTHER ORDERED** that the *United States' Motion in Limine to Exclude Non-Relevant Evidence* [Doc. 180] is **GRANTED**.

**SO ORDERED** this 12th day of August, 2008, in Albuquerque, New Mexico.

                                                                                     _____
                                                                                     **M. CHRISTINA ARMIJO**
                                                                                     United States District Judge